# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 458 | **DATE** | 2/9/2011 |
| **CASE TITLE** | Gonzalez vs. Quezada et al. | | |

**DOCKET ENTRY TEXT**

Defendants City of Chicago, Officers Sanchez, Velez, Del Valle and Guidice's Motion to Dismiss Plaintiff's Complaint [18] and Defendants Martin Walsh, Robert Chernick and Recording Industry Association of America's Motion to Dismiss Counts I, II, III, and V [20] are granted. Counts II, III, and IV are dismissed. The Court relinquishes jurisdiction over the two remaining counts in the complaint: Count I, the malicious prosecution state law claim, and Count V, Plaintiff's supplementary claim for *respondeat superior* as it relates to the RIAA.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendants City of Chicago, Officers Sanchez, Velez, Del Valle and Guidice's (collectively, "City Defendants") Motion to Dismiss Plaintiff's Complaint or in the Alternative for a More Definitive Statement. Defendants seek to dismiss Counts II, III, and IV of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Defendants Martin Walsh ("Walsh"), Robert Chernick ("Chernick") and Recording Industry Association of America's ("RIAA") Motion to Dismiss Counts I, II, III, and V pursuant to Rule 12(b)(6). Plaintiff's complaint contains five counts. For the following reasons, both Motions are granted.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court accepts as true all well pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

As an initial matter, "Plaintiff voluntarily dismisses his due process claim, Count II of the Complaint." Pl.'s Resp. to Defs.' Mot. to Dismiss Pl.'s Compl. or in the Alternative for a More Definite Statement 3. Therefore, Count II is dismissed. City Defendants argue that Count III, Plaintiff's 42 U.S.C. § 1983 equal protection - class of one claim, fails as a matter of law because it is time barred. Plaintiff has two responses to this timeliness argument. First, he contends that it is impermissible for the Court to rule on a statute of limitations defense in response to a motion to dismiss. Second, he argues that he could not have brought his equal protection claim until all criminal proceedings terminated and that this claim started to accrue at the same time his malicious prosecution claim started to accrue on January 24, 2008. The Court disagrees.

"While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009) (quoting United States v. Lewis,

# STATEMENT

411 F.3d 838, 842 (7th Cir. 2005)). Plaintiff was arrested on November 7, 2004. Compl. ¶ 8. All charges were dismissed on January 28, 2008. Id. ¶ 13. He filed his complaint on January 22, 2010. The Court finds that the relevant dates are set forth unambiguously in the complaint to satisfy addressing the statute of limitations defense. See Brooks, 578 F.3d at 579.

The statute of limitations for § 1983 actions is two years as determined here by Illinois personal injury statute of limitations. See 735 ILCS 5/13-202; see also Wallace v. Kato, 549 U.S. 384, 387 (2007) (noting that § 1983 statute of limitations are determined by the state law in which the cause of action arose); Kelly v. City of Chi., 4 F.3d 509, 510 (7th Cir.1993) (same). The Seventh Circuit has set forth a two-part inquiry for a court to determine the accrual of claims. Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006) (citing Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004)). "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. That is the date that the plaintiff knew or should have known that his constitutional rights had been violated." Id. (internal quotations omitted). Here, the injury Plaintiff alleges is that Defendants

> in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

Compl. ¶ 17. As to the second part of the analysis, Plaintiff urges the Court to apply the deferred accrual rule set forth in Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). In Heck, the court held that "[j]ust as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489-90. Heck does not apply here because Plaintiff was never convicted of any charges in relation to his complaint. Compl. ¶ 13. The Court concludes that under the circumstances alleged, Plaintiff knew or should have known that his constitutional rights had been violated when he was arrested on November 7, 2004. See Wallace, 549 U.S. at 391 ("We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial."). At that time, Plaintiff could have sued for the alleged equal protection injury. Therefore, Plaintiff had until November 7, 2006 to file his claim. He failed to do so until January 22, 2010. Accordingly, Count III is time barred and is therefore dismissed.

City Defendants also argue that Count IV should be dismissed. Count IV, Plaintiff's 745 ILCS 10/9-102 claim against Defendant City of Chicago, requires that Defendant Officers Sanchez, Velez, Del Valle and Guidice are found liable for any of the alleged counts in the complaint. See 745 ILCS 10/9-102. Counts II and III, the sole counts against City Defendants, are dismissed and therefore no viable constitutional claims remain in this case. Furthermore, Plaintiff's allegation of a conspiracy is time barred because it accrued at the time of his arrest. See Brooks, 578 F.3d at 579 ("The single overt act here is Brooks's indictment, even if the damages that Brooks suffered may have continued throughout his trial. We therefore find Brooks's § 1983 conspiracy claims . . . time-barred."). Thus, Count IV is dismissed.

The only remaining claim is a state law claim against the RIAA, Walsh, Chernick, and Quezada for malicious prosecution. The Court relinquishes jurisdiction over Count I, the malicious prosecution state law claim, and Count V, Plaintiff's supplementary claim for *respondeat superior* as it relates to the RIAA. See Szumny v. Am. Gen. Fin. Inc., 246 F.3d 1065, 1073 (7th Cir. 2001) ("The decision to retain supplemental claims is left to the discretion of the district court"). Accordingly, the Court grants both Motions to Dismiss.

IT IS SO ORDERED.

10C458 Gonzalez vs. Quezada et al.                                                                                   Page 2 of 2